[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence August 28, 1996 Date of Application August 28, 1996 Date Application Filed September 25, 1996 Date of Decision April 22, 1997
Application for review of sentence imposed by the Superior Court, Geographical Area 16, at West Hartford.
Docket No. MV 95-292058;
John F. O'Brien Esq., Defense Counsel, for Petitioner.
Paul Roti Roti. Esq., Assistant State's Attorney, for the State.
Sentence Affirmed.
BY THE DIVISION:
Convicted after a plea of nolo contendere to one Count of Manslaughter 2nd degree with a Motor Vehicle, in violation of § 53a-56b of the Connecticut General Statutes, the then 37 year old petitioner was sentenced to a term of 72 months.
On October 14, 1995 at approximately 7:50 p. m. the petitioner was involved in a head on collision on RT. 6 in Farmington. He crossed the center line into oncoming traffic. A passenger in the oncoming car was killed as a result of the accident. Blood tests taken of the petitioner at the hospital he was taken for treatment indicated a BAC of 146. The victim was a 64 year old woman, who left a husband of 39 years, children and grandchildren. The impact of the petitioner's crime on the victim and her family is eloquently stated in remarks made at sentencing. Suffice to say this was a senseless taking of an CT Page 5901 innocent life and a crime of considerable magnitude.
Defense counsel argues that the sentencing court was told the petitioner showed no remorse when, in fact, he was very remorseful, but could not express his remorse upon advice of counsel.
It is noted that the sentencing judge did not, however, mention remorse or the lack of it, in its sentencing comments. The Court commented on the petitioner's positive background, but stated, in effect, that it felt an appropriate punishment for this alcohol caused death was the sentence it imposed.
In his comments to the Division the petitioner denied that alcohol was a factor in the accident, but blames the road and rainy weather conditions.
It is also noted that five other people besides the deceased victim had to be taken to a hospital for treatment. Further, at the time of the accident the petitioner, a married man, was out with his girlfriend at the time, and while he made a living as a self-employed carpenter, his wife reported he didn't contribute any money to her or their daughter. He also reportedly had attended the Wheeler Clinic for alcohol abuse, obviously unsuccessfully.
Remorse, or lack of it aside, the sentence imposed was reasonable and appropriate when reviewed pursuant to § 942 of the Practice Book. Accordingly, it is affirmed.
Lawrance C. Klaczak, Judge.
Joseph J. Purtill, Judge.
Raymond R. Norko, Judge.
Purtill, Klaczak and Norko, J.s, participated in this decision.